UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
M. CLAUDIA GAROFALO, :
 :  CASE NO.:
       Plaintiff, :
 :  Judge:
vs. :
 :
SUKEBAN, LLC, HADWIN, LLC :
and LAFAYE PROPERTIES, LLC, :
 :
       Defendants. :
---------------------------------------------------------x

## **COMPLAINT**

    Plaintiff, M. CLAUDIA GAROFALO, by and through her undersigned counsel, hereby files this Complaint and sues defendants, SUKEBAN, LLC, HADWIN, LLC, and LAFAYE PROPERTIES, LLC (hereinafter collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as "ADA") and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter, "LCHR"); and alleges the following:

### **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA and the LCHR.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, M. CLAUDIA GAROFALO, (hereinafter referred to as "MS. GAROFALO"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MS. GAROFALO resides on Adams Street, New Orleans, LA 70118.

6. MS. GAROFALO is a qualified individual with a disability under the ADA and the LCHR.

7. MS. GAROFALO is a paraplegic due to spinal cord injury.

8. Due to her disability, MS. GAROFALO is substantially impaired in several major life activities and requires a wheelchair to ambulate.

9. Upon information and belief, SUKEBAN, LLC, a limited liability company organized in the State of Louisiana and doing business in Orleans Parish, owns and operates the business, Sukeban, which is the subject of this action, located at 8126 Oak St., New Orleans, LA 70118.

10. Upon information and belief, HADWIN, LLC, a limited liability company organized in the State of Louisiana, owns and operates the business, ALE On Oak, which is the subject of this action, located at 8124 Oak St., New Orleans, LA 70118.

11. Upon information and belief, LAFAYE PROPERTIES, LLC, a limited liability company organized in the State of Louisiana and doing business in Orleans Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: 8126 and 8124 Oak St, New Orleans, LA 70118 (hereinafter collectively referred to as "the Property").

12. Upon information and belief, Sukeban is a bar and restaurant.

13. Upon information and belief, ALE On Oak is a bar.

14. MS. GAROFALO has desired to enter the Property to eat and have a drink.

15. DEFENDANTS are obligated to comply with the ADA and the LCHR.

16. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

17. MS. GAROFALO realleges and reavers Paragraphs 1 – 16 as if they were expressly restated herein.

18. The Property is a place of public accommodation, subject to the ADA, generally located at: 8126 and 8124 Oak St, New Orleans, LA 70118.

19. MS. GAROFALO lives less than one (1) mile from the Property.

20. MS. GAROFALO frequently travels past the Property due to its proximity to her home.

21. MS. GAROFALO desires to enter the Property to purchase food and beverages.

22. MS. GAROFALO has desired to enter the Property numerous times in the past and presently desires to enter it.

23. MS. GAROFALO has personally observed and is aware that there are no ramps to enter Sukeban and ALE On Oak.

24. MS. GAROFALO is aware that if she were to try to enter the Property, she would not be able to because there are no ramps and so she would be unable to access the goods and utilize the services therein.

25. MS. GAROFALO is deterred from entering the Property due to the lack of ramps.

26. MS. GAROFALO intends to and will enter Property to utilize the goods and services in

the future but fears she will encounter the same barriers which are the subject of this action.

27. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. GAROFALO due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    There exists no ramp to enter Sukeban;

        B.    There exists no ramp to enter ALE on Oak; and

        C.    Other mobility-related ADA barriers to be identified following a complete inspection.

28. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

29. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

30. Upon information and belief, removal of the barriers to access located on the Property would provide MS. GAROFALO with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations offered to the general public at the Property.

31. MS. GAROFALO has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MS. GAROFALO is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

32. MS. GAROFALO repeats and realleges all preceding paragraphs in support of this claim.

33. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANTS.

34. At all times relevant to this action, MS. GAROFALO has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

35. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

36. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

37. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

38. DEFENDANTS discriminated against MS. GAROFALO, on the basis of her disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in Paragraph 27 herein.

39. MS. GAROFALO deems herself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

40. MS. GAROFALO is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. GAROFALO demands judgment against DEFENDANTS and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.  That this Court award damages to MS. GAROFALO pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANTS in violation of the LCHR;

D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses to MS. GAROFALO pursuant to the ADA and the LCHR; and

E.  That this Court award such other and further relief as it deems necessary, just, and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
ANNIKA MENGISEN (LA # 35524)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
       gdereus@bizerlaw.com
       annika@bizerlaw.com